## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

SAMUEL LANDAU,

    Plaintiff,

v.

OTTAWA COUNTY, CAPTAIN JESSICA FAUGHT, and SHERIFF STEVE KEMPER.

    Defendants.

No. 1:25-cv-392

Hon.

_____/

OLIVER BELL GROUP
Paul Matouka (P84874)
50 W. Big Beaver Rd.
Ste. 200
Troy, MI 48084
(248) 327-6556
notifications@oliverlawgroup.com

_____/

### Parties

1. Plaintiff Samuel Landau is a resident of the State of New York who was present in Ottawa County, Michigan at all times relevant to the allegations in this Complaint.

2. Defendant Jessica Fraught was, at all times relevant to the allegations in this Complaint, a captain employed by Defendant Ottawa County.

3. Defendant Sheriff Steve Kemper was, at all times relevant to the allegations in this Complaint, the Ottawa County Sheriff.

4. Defendant Ottawa County is a municipal sub-division of the State of Michigan.

## Jurisdiction and Venue

5. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under 42 U.S.C. § 1983 and the First Amendment to the United States Constitution.

6. Venue is proper before this Court pursuant to 28 U.S.C. § 1367 because the events giving rise to this claim occurred in the Western District of Michigan.

7. This Court has pendant jurisdiction over Plaintiff's State law claims pursuant to 28 U.S.C. § 1367, as they arise from the same transaction and/or occurrence and will involve largely the same evidence to substantiate.

## Factual Allegations

8. On Friday June 21, 2024, Mr. Landau was arrested on an outstanding traffic ticket and taken to the Ottawa County Jail.

9. Mr. Landau informed staff that he was a practicing Orthodox Jew and could only eat Kosher food, in addition to certain other religious requirements.

10. Mr. Landau was denied Kosher meals the entire time he was incarcerated at the Ottawa County Jail until Monday June 23, 2024.

11. During this time, Mr. Landau's then attorney communicated with jail staff concerning Mr. Landau's religious meals.

12. Additionally, Rabbi Bentzi Geisinsky travelled to the Ottawa County Jail with a Kosher meal and Tefflin for Mr. Landau's religious exercise.

13. Mr. Landau was not permitted to have the food or Tefflin.

14. Rabbi Bentzi Geisinsky also communicated with Defendants Fraught and Kemper via email concerning Mr. Landau's need for Kosher meals.

15. Despite this outreach, Defendants Kemper and Fraught refused to provide Mr. Landau with Kosher meals during his incarceration.

16. Kosher meals are served to certain inmates at the Ottawa County Jail.

17. As early as January 15, 2023, Defendants Faught and Ottawa County were aware of problems in providing kosher meals to people incarcerated in Ottawa County.

18. Defendant Ottawa County maintained a policy that people incarcerated in its jail were unable to obtain religious meals absent approval of the chaplain.

19. Defendant Ottawa County's policy lacked any back-up to approve religious meals if its chaplain was unavailable.

20. There is no legitimate penological reason to maintain a policy that only permits the provision of religious meals after approval by the chaplain, and only the chaplain.

21. There is no legitimate penological reason to deny a prisoner kosher meals after their religious status has been confirmed by an external rabbi – particularly one already known to Defendants.

22. Upon information and belief, the food provided in Kosher meals does not provide incarcerated people with any additional ability to violate jail rules when compared to the non-Kosher diet.

23. Providing incarcerated people with a Kosher meal does not create any additional safety and/or security risks within the jail.

24. As a result of Defendants' conduct Mr. Landau did not eat for more than 56 hours.

25. This deprivation caused Mr. Landau to suffer physical pain and discomfort from hunger.

26. This deprivation also caused Mr. Landau significant mental and emotional damages as he suffered through starvation and the Hobbesian choice of either violating his sincerely held religious beliefs or starving.

27. This incident greatly affected Mr. Landau's mental health, leading him to begin mental health treatment just a few weeks after the incident.

28. Mr. Landau suffered from significant sleep disruptions and difficulties focusing on daily tasks in the aftermath of the incident.

29. As part of his mental health treatment, Mr. Landau has subsequently been prescribed medication that help with his sleep disturbances and daily focus issues.

30. Despite his counseling and medications, Mr. Landau continues to sometimes experience sleep disturbances and difficulties focusing that he did not experience prior to the incident.

31. Mr. Landau continues to receive mental health treatment to this day.

## COUNT I: 42 U.S.C. § 1983 – Free Exercise

32. Plaintiff realleges and reincorporates the preceding paragraphs as if fully restated herein.

33. The First Amendment to the United States' Constitution protects the ability of all citizens to freely exercise their religion.

34. While prisoner's constitutional rights are necessarily limited by their incarceration, "Prison walls do not form a barrier separating prison inmates from the protections of the Constitution." *Turner v. Safley*, 482 U.S. 78, 84 (1987).

35. There was no rational basis for denying Mr. Landau access to Kosher meals that the Ottawa County Jail was capable of providing.

36. Mr. Landau was presented with a choice of either violating his sincerely held religious beliefs or starving.

37. Defendants had the ability to provide Mr. Landau with Kosher meals without affecting the safety and security of the jail.

38. Defendants refused to provide Mr. Landau with Kosher meals, violating his right to freely exercise his religion.

39. Defendants' refusal to provide Mr. Landau with Kosher meals caused Mr. Landau significant physical, mental, and emotional injuries as described above.

## COUNT II: 42 U.S.C. § 1983 – Fourteenth Amendment Due Process

40. Plaintiff realleges and reincorporates the preceding paragraphs as if fully restated herein.

41. The Fourteenth Amendment grants pre-trial detainees protections that are at least as extensive as those afforded to people convicted of a crime by the Eighth Amendment. *See Griffith v. Franklin Cty.*, 975 F.3d 554, 566–67 (6th Cir. 2020).

42. Defendants had an affirmative obligation to ensure that Mr. Landau received adequate food.

43. Both Defendants Fraught and Kemper were aware of Mr. Landau's needs for Kosher meals, as they were informed by Mr. Landau, his family, and other sources known to them.

44. Despite this knowledge, Defendants Fraught and Kemper failed to ensure that Plaintiff received Kosher meals despite them being available at the Jail.

45. As a result of Defendants' conduct, Mr. Landau could not eat for more than 48 hours and suffered the injuries described above.

46. Mr. Landau's injuries were the result of Defendant Ottawa County's policy of requiring a chaplain to approve Kosher meals without any exceptions, despite the chaplain not working on Sundays.

47. It was eminently foreseeable that this policy would result in pre-trial detainees, such as Mr. Landau, starving while waiting on a chaplain to arrive.

**COUNT III: State Law – Elliot-Larsen Civil Rights Act – MCL 37.2101 *et seq.***

48. Michigan's Elliot-Larsen Civil Rights Act ("ELCRA") prohibits discrimination in places of public accommodation on the basis of religion. MCL 37.2302(a).

49. People incarcerated in Michigan's jails and prisons are covered by ELCRA, notwithstanding any language to the contrary. *Doe v Dep't of Corr*, 323 Mich App 479, 489–90 (Mich Ct App 2018) *lv den* 504 Mich 883 (2019).

50. Mr. Landau was denied equal access to the Ottawa Jail as a result of his religion in violation of ELCRA.

51. Specifically, Mr. Landau was denied the ability to eat while incarcerated because he required Kosher meals that were available.

7

52. Upon information and belief, other people who have been incarcerated at the Ottawa Jail have been provided with Kosher meals based on their religion.

53. Upon information and belief, people without religious dietary restrictions are not denied food while incarcerated at the Ottawa Jail.

54. Defendants Fraught and Kemper violated Mr. Landau's ELCRA rights by failing to provide him with the same access to the services of the Ottawa County jail because of his religion.

55. Defendant Ottawa County maintained a policy of limiting access to religious meals and having no alternative method for approving religious meals that resulted in the denial of Mr. Landau's ELCRA rights.

WHEREFORE, Plaintiff Samuel Landau, respectfully requests that this Court adjudge that Defendants violated his rights in the manner set forth above and award him:

a. Compensatory, nominal, and punitive damages;

b. A declaration that Defendants violated his rights in the manner set forth above;

c. Reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and MCL § 37.2801; and

d. Any other relief this Court deems just and reasonable.

## JURY DEMAND

Plaintiff hereby demands a jury on all issues triable before a jury.

                                        Respectfully submitted,

                                        /s/ Paul Matouka
                                        Paul Matouka (P84874)
                                        OLIVER BELL GROUP
                                        50 W. Big Beaver Rd.
                                        Suite 200
                                        Troy, MI 48084
                                        (248) 327-6556
                                        notifications@oliverlawgroup.com

Dated: April 9, 2025